**John Eugene PACK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17124.**

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1973.

Rehearing Denied March 5, 1973.

**922**

Ollie W. Gresham, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for appellee.

BUSSEY, Judge.

Appellant, John Eugene Pack, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County for the offense of Burglary of a Coin Operated Machine, After Former Conviction of a Felony; his punishment was fixed at thirty (30) years imprisonment, and from said judgment and sentence, a post conviction appeal has been perfected to this Court.

Because of the propositions asserted, we do not deem it necessary to recite a de-tailed statement of facts. Officer Harmon testified that at approximately 2:30 a. m. on June 27, 1969, he was dispatched to go to the location of a telephone booth in the 500 block East 56th Street in Tulsa. Upon observing that the phone had been broken off the wall, he found three other phone booths in the immediate vicinity likewise damaged. Officer Moore testified that at approximately 2:00 a. m. on the morning in question, he observed the defendant in a telephone booth at Mohawk and Lewis. The defendant appeared to be looking in a telephone book. A light-tan 1963 two-door Cadillac was parked beside the booth. The officer returned by the booth in about three minutes and found that the defendant had left. He proceeded to check other telephone booths in the area and observed the defendant again inside a telephone booth at 36th and Mohawk. The defendant got into his vehicle and left the scene at a high rate of speed. The officer took pursuit and then stopped the defendant after following him some two and a half miles. The defendant came back to the police unit and got into the front passenger side. While the officer was taking down information from the defendant's drivers license, defendant made two passes with his right hand into his pant's pocket. When the defendant was removed from the police vehicle, the officer noticed a pair of diagonal wire cutters laying on the passenger's side of the police unit. The defendant asked permission to turn off the ignition switch of his vehicle. The officer told the defendant that he would turn the switch off for him. The officer walked up to the defendant's car and reached through the window and turned off the ignition switch. He observed a work glove and a tape measure laying on the front seat. He further observed a small amount of change beneath the corner of a towel on the floor board of the passenger's side. He subsequently removed the towel and found $167.50 in coins on the floor board. A screwdriver was also found in the glove compartment of the automobile.

Maurice Stack testified that he was employed as a tool mark examiner in the Physics and Chemistry Section of the Federal Bureau of Investigation; that they received a pair of wire cutters, a screwdriver and certain parts of telephones from the Tulsa Police Department. He conducted tests on the items and was of the opinion that the wire cutters cut a wire leading to one of the telephones and that a mark on the coin relay system was made by the screwdriver.

Several officers testified that on November 11, 1969, the defendant stated, after being advised of his *Miranda* rights, that "he hadn't done anything in Tulsa since that night Louie Moore arrested him."

For the defense, Louise Dennis testified that as she was returning home in the early morning hours of June 27th, she observed two men in a phone booth at 506 East 56th Street in Tulsa. The next morning she observed the phone booth and it was damaged. She testified that she had known the defendant approximately ten months and that the person in the phone booth was not the defendant.

■ The first proposition asserts that the trial court erred in not allowing defendant's offer of proof concerning a prior preliminary hearing against the defendant which was dismissed. During the testimony of Louise Dennis, the defendant made the following offer of proof:

"I want to offer to prove by this witness that in the investigation by the Tulsa Police Department, Officer Polk, a police officer, it resulted in this witness being subpoenaed to the preliminary hearing on July 22, 1969, and that after this witness testified the prosecution was dismissed by the State on its own motion." TR 201.

Defendant argues that since the State was allowed to introduce evidence of other offenses to show a common scheme or plan, that he should have been allowed to show that one of the charges was dismissed at the preliminary hearing.

We need only observe that the defendant has totally failed to show prejudice in the denial of his offer of proof. At the conclusion of Louise Dennis' testimony, the defendant introduced into evidence, without objection, the court record in Case No. CRF–69–984, and the record reflected that the case against the defendant was dismissed at the preliminary hearing.

■ The final proposition contends that the punishment is excessive, appearing to have been given under the influence of passion and prejudice. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and this Court does not have the power to modify the same unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. See Roberts v. State, Okl.Cr., 473 P.2d 264. Considering this is defendant's third felony conviction, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court. The judgment and sentence is accordingly affirmed.

BLISS, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring).

I agree that this judgment and sentence should be affirmed, but under the facts and circumstances concerned, I believe the sentence should be modified.